UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHN DANIEL HAWKINS, JR., | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-02325-JAR |
| | ) | |
| ELLIS McSWAIN, JR., et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner John Daniel Hawkins, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 11). Petitioner filed a reply (Doc. 12), and at the Court's direction, the Government filed a sur-reply (Docs. 13, 22). For the following reasons, Petitioner's Section 2254 petition is **DENIED**, and this action is **DISMISSED with prejudice.**

### I. Introduction and Background

On June 2, 2008, Petitioner entered pleas, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), in the Circuit Court of Saint Louis City, Missouri, to one count each of second-degree burglary and felony stealing (Doc. 11.1 at 31-64).[2] On August 22, 2008, the trial court sentenced Petitioner as a prior and persistent offender to two concurrent twelve (12) years terms of

---

[1] Hawkins's petition named Douglas Prudden as the respondent; however, it appears that Hawkins has been released on parole by the Board of Probation and Parole and is no longer incarcerated. Therefore, Ellis McSwain, Jr., the chairman of the Missouri Division of Probation and Parole, and Lois Whitley, the parole officer responsible for supervising Hawkins, are both substituted as the proper party respondents. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; Jones v. Long, No. 4:05-cv-1554-CEJ, 2008 WL 2224728, at n.1 (E.D. Mo. May 27, 2008).

[2] At the same hearing, Petitioner also entered Alford pleas, in another case, to one count each of felony possession of a controlled substance (cocaine base) and misdemeanor possession of marijuana.

imprisonment, but suspended execution of the sentence and placed him on probation for five years (Id. at 66-82). On April 23, 2010, the trial court revoked Petitioner's probation after he was convicted of another crime (id. at 84-99); and on April 30, 2010, the trial court executed his previously suspended sentence (id. at 101-121).

On June 9, 2010, Petitioner filed a motion for post-conviction relief under Rule 24.035 (Id. at 126-130). An attorney was appointed for Petitioner, and the attorney filed an amended motion on January 7, 2011, asserting that there had been an insufficient basis to support Petitioner's Alford plea to felony stealing (Id. at 134-151). On May 31, 2011, the amended motion was denied by the trial court without an evidentiary hearing (Id. at 152-156). The Missouri Court of Appeals affirmed the denial of Petitioner's motion (Doc. 11.4).

On November 14, 2013, Petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus, advancing two grounds for relief: (1) that there was an insufficient factual basis to support his Alford plea to felony stealing; and (2) that trial counsel provided him ineffective assistance by failing to present exculpatory evidence at his plea hearing (Doc. 1). The Government has responded, arguing that the petition is untimely and addressing each ground on the merits (Doc. 11). Petitioner has replied, and at the Court's direction, the Government filed a sur-reply (Docs. 12-13, 22). The Court has reviewed the parties' filings in their entireties, and having determined that the petition is untimely, the Court will limit its order to that issue.

## II. Analysis

Petitioner failed to timely file his federal habeas petition. Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, § 2244(d)(1)(A) provides that the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." Under Missouri law, a suspended execution of sentence is an entry of judgment, as "a criminal conviction has been entered and the sentence has been assessed; only the act of executing the sentence has been suspended." State v. Nelson, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). In Missouri, a criminal judgment becomes final "thirty days after its entry if no timely authorized after-trial motion is filed.'" Mo. Sup. Ct. R. 81.05; see also Dear v. Moore, No. 4:07-cv-1261-CEJ, 2009 WL 330656, at *4 (E.D. Mo. Feb. 6, 2009). A notice of appeal must be filed within ten days of a final judgment. Mo. Sup. Ct. R. 30.01(a), 81.04(a). Petitioner did not appeal his Alford pleas or sentence, nor did he file any timely post-trial motions. Thus, his judgment of conviction became final on September 1, 2008, or ten days after he was sentenced. Because Petitioner did not appeal his conviction or sentence before September 11, 2008 (ten days after final judgment), the one-year limitation period for Petitioner to file his petition for a writ of habeas corpus under 28 U.S.C. § 2254, began on September 11, 2008, and elapsed one year later on September 11, 2009. See 28 U.S.C. § 2244; see also Hawkins v. Schneider, 4:13-cv-0313-JMB, 2016 WL 915190, at *6 (E.D. Mo. Mar. 10, 2016); Watkins-Israyl v. Ives, 4:13-cv-100 JCH, 2013 WL 2475621, at *2 (E.D. Mo. June 10, 2013); Garrett v. Dormire, No. 4:10-cv-1861-CDP, 2011 WL 4445839, at *4 (E.D. Mo. Sept. 26, 2011). Petitioner did not file the instant petition until November 14, 2013; and it is thus untimely.[3] Painter v. Iowa, 247 F.3d 1255, 1255 (8th Cir. 2001) (the time between the date that direct review of a conviction is

---

[3] Petitioner filed his Rule 24.035 motion on June 9, 2010, which could have been effective to toll the one-year period of § 2244(d)(1) during the pendency of the state post-conviction proceeding, had the deadline not already expired. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."). However, Petitioner's one-year limitation period had expired well before he filed his Rule 24.035 motion. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (affirming dismissal of § 2254 petition as untimely because, by the time petitioner filed his motion for post-conviction relief in state court, there was no federal limitations period remaining to toll, as one-year limitations period had already expired).

completed and the date that an application for state post-conviction relief is filed counts against the one-year limitations period set forth in § 2244).

Petitioner argues that he is entitled to equitable tolling of the one-year period—from the date of his initial sentencing hearing until the date his sentence was executed—because his sentence "did not become an issue" until it was executed, and because the state court did not inform him of the one-year deadline to filed his federal habeas petition. The Court concludes that equitable tolling is unwarranted in this case, as nothing in the record suggests that Petitioner diligently pursued his rights and that some "extraordinary circumstance" stood in his way. Pace v. DiGulielmo, 544 U.S. 408, 418 (2005) (generally, the litigant seeking equitable tolling bears the burden of showing that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way); Preston v. Iowa, 221 F.3d 1343, 2000 WL 995013, at *1 (8th Cir. 2000) (unpublished per curiam opinion) (refusing to apply equitable tolling in case of pro se inmate alleging lack of legal knowledge or legal resources). Petitioner does not claim that the state court misled him as to the deadline for filing the instant petition. Rather, he alleges only that the state court did not advise him of the one-year federal limitations period, a fact which is insufficient to show that "extraordinary circumstances" prevented him from filing his petition in a timely manner. Cf. Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (equitable tolling may be appropriate where court has misled party regarding steps he must take to preserve his claims). In short, Petitioner's petition for writ of habeas corpus pursuant to § 2254 is time-barred and must be dismissed.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner John Daniel Hawkins, Jr.'s Petition for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A separate judgment dismissing this case is filed herewith.

Dated this 9th day of January, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE